## FLANDERS and ux. *vs.* LAMPHEAR.

Where a father made a conveyance of a farm to his son, and at the same time took a mortgage to himself and wife, with a condition, by which the son and his heirs, executors and administrators, were to provide for the maintenance of his parents, during their lives; *held,* that it was to be inferred, as a necessary implication, nothing appearing to the contrary, that the mortgagees were not to enter until the condition was broken, or waste done.

The place where such maintenance is to be furnished, is not necessarily the place conveyed and mortgaged, there being no stipulation to that effect.

The duty to provide for the maintenance of the parents is, under such circumstances, a personal duty of the son, which he cannot transfer to third persons, and substitute them in his stead, without the consent of the parents; and if he fails to superintend the fulfilment of it, that will be a breach of the condition.

WRIT OF ENTRY, for land in Dorchester, submitted to the determination of the court on a case stated.

On the 21st day of February, 1828, Daniel Flanders, one of the demandants, was seized of the demanded premises, and on the same day gave a deed thereof, in fee simple, to his son, Daniel Flanders, Jr., who at the same time executed and delivered a deed of the premises to the demandants, who were described as the honored parents of the grantor, and which was substantially in the usual form of quitclaim deeds, with a condition subjoined, as follows, viz. : "The condition 'of the foregoing instrument is such, that if the said Daniel 'Flanders, Jr., shall fulfil the agreement, as is hereafter ex- 'pressed, which is the valuable consideration on which this 'conveyance is founded, to wit., the said Daniel Flanders, 'Jr., is to provide for the maintenance of the said Daniel and 'Hannah Flanders, in sickness and in health, in way and 'manner as is convenient for aged people to be provided for, 'during their natural lives, and to give them a decent chris- 'tian burial at their decease ; and to pay the following debts 'or demands against the said Daniel Flanders," &c.

"Now if the said Daniel Flanders, Jr., by himself, by his 'heirs, administrators or executors, shall provide for the above

'described Daniel Flanders and Hannah Flanders, the wife
'of the said Daniel, and pay all the above debts, as described
'above, so that the said Daniel, his heirs, executors or ad-
'ministrators, shall not be put to any trouble or expense of
'whatever name or nature—then the foregoing conveyance
'and instrument to be void, otherwise to be in force and to
'be valid.''

The defendant holds the premises by several mesne con-
veyances from the said Daniel Flanders, Jr., subsequent to
the conveyance to the demandants. If, upon the above facts,
the demandants were entitled to recover, judgment to be
rendered for them; otherwise, the case to stand for trial on
the general issue.

*Wilcox*, who was counsel for the demandants, cited, in
vacation, 1 *Fairfield* 292, *Clinton* vs. *Fly*, and 2 *N. H. R.*
78, *Currier* vs. *Currier*.

*Quincy*, for the tenant, cited 15 *Mass.* 262, *Wilder* vs.
*Whittemore*.

PARKER, C. J.*   We are of opinion that it sufficiently ap-
pears, from the terms of the condition in this case, and the
circumstances under which the mortgage was made, that the
mortgagor was to remain in possession until the condition
was broken, or waste done; and that no action can be main-
tained until that is shown. 2 *N. H. R.* 453, *Hartshorn* vs.
*Hubbard; ante* 117, *Dearborn* vs. *Dearborn.* The mort-
gage was made on the same day with the conveyance to the
mortgagor, and is taken to secure the performance of acts to
be done, which may extend through a long period of years.
It is a necessary implication, nothing appearing to the con-
trary, that the parties did not contemplate that the mortga-
gees should take possession and retain it until their decease,
while the mortgagor was duly performing, from time to time,

---

* WILCOX, J., having been of counsel did not sit.

those acts, to secure the due performance of which the mort-
gage was executed.

Upon the second question suggested, we think the place of performance is not necessarily the place conveyed. Although it may have been contemplated, by the parties to the conveyance, as the probable place of performance, there seems to be nothing in the condition of the mortgage that is thus restrictive; and if, as we understand, the deed from the father to the son is in the common form of a grant in fee simple, we cannot hold that he is restrained from alienation, without something more on which to found the restriction than the mere fact that the son binds himself to maintain his parents, and executes a mortgage to secure the performance of the obligation. The obligation should be performed at some suitable and convenient place to the mortgagee, and at the same time one which does not impose hardship upon the mortgagor. It should be a reasonable place for both parties. 2 *N. H. R.* 77, *Currier* vs. *Currier.*

But the language of the condition, and the relationship of the parties to the deed, indicate, clearly, that there was a personal trust reposed in the mortgagor, and a personal obligation assumed by him, which he cannot assign over to third persons, substituting them in his place. It does not appear that he executed any bond in the usual form; and the term " provide," if the matter depended solely upon the force of that term, might perhaps be satisfied, if through his instrumentality what was to be furnished was delivered by others. But this is a case of a son executing a deed, by the condition of which he was to " provide for his honored parents, in sickness and health, during their natural lives, and to give them a decent burial;" and the express language of the concluding clause is, that " if the said Daniel Flanders, jr., by himself, by his heirs, administrators or executors, shall provide" &c. The language seems to be selected with a particular view of securing the performance by himself, so long as he might fulfil it, and after that time by his

heirs or personal representatives. 1 *Fairfield* 292, *Clinton* vs. *Fly.*

If, therefore, the mortgagor has attempted to transfer this duty to third persons, and no longer superintends, at least, the due fulfilment of it ; unless this has been done by the assent of the demandants ; there has been a breach of the condition, which will entitle them to judgment. How this is, the case does not find ; and if this matter is in controversy the case must be discharged, and the action stand for trial.