MARCH 12,
1875.          GOTHAM *v.* GOTHAM.

The grantee, in a deed conditioned for the support of the grantor, conconveyed the premises in mortgage with full covenants of warranty. The condition of the first-mentioned deed had been broken, but the original grantor had not entered for the breach of condition. In an action by the mortgagee against the mortgagor, the original grantee, it was held that he was estopped from denying that he had the title which he had covenanted to warrant to such mortgagee.

WRIT OF ENTRY on mortgage. Plea, general issue and brief statement.

The brief statement in substance alleged that the mortgagor's title was by virtue of a conditional deed, which deed was mentioned and referred to in the mortgage declared on, which last contained full covenants of warranty.  This condition, a copy of which was inserted in the brief statement, was in substance for the support on the granted premises of Artemas Gotham, the grantor in that deed, by Charles W. Gotham, the mortgagor and defendant.  It was alleged that the said condition had not been performed; but it was not alleged that the grantors had entered for condition broken.  It was also alleged that the said Artemas Gotham was residing on the premises.  The writ and brief statements may be referred to in the arguments.

The questions arising on the foregoing case were transferred to this court for decision.

*Whidden,* for the plaintiff.

*Crawford,* for the defendant.

CUSHING, C. J.   This is not a case of an attempt to assign a contract for support by either of the contracting parties, as in the case *Eastman* v. *Batchelder,* 36 N. H. 141, or of *Flanders* v. *Lamphear,* ᵥ N. H. 201.   In this action the rights of Artemas Gotham, the party who was to be supported, cannot be affected at all.   It appears that the condition of the deed from Artemas Gotham to Charles W. Gotham has been broken.   Artemas Gotham may enter for condition broken at any time, have possession of the property, and take advantage of the forfeiture.   As he is no party to this proceeding, his rights cannot be affected by it.

The sole question in this case is, whether Charles W. Gotham, who has conveyed these premises by a mortgage deed with full covenants of warranty, is in condition to say in this action that he had not the title which he bound himself by his covenant to warrant to the plaintiff.   It appears to the court that he is not.

The plaintiff, if he have judgment for possession, will still have to make his peace with Artemas Gotham, against whom, if he sees fit to enter for condition broken, the judgment in this suit will be of no avail.

There must therefore be conditional judgment as of mortgage for the plaintiff.

LADD, J.   Artemas Gotham is not a party to this suit, and of course his rights cannot be in any way affected by the judgment.   As against Charles W. Gotham, the mortgage is valid, and conveys all his interest in the premises.   Suppose he had undertaken to make an absolute conveyance of the premises: would it lie in his mouth, when his grantee undertook to go into possession under the deed, to object, on the ground that by such deed he had incapacitated himself to perform his personal obligation to his father ?   No reason is seen why the grantee in such a deed, or this mortgagee, might not enter into an arrangement with the father to be substituted for the son in the performance of the contract

for support. But whether such arrangement were made or not, I do not see upon what ground the defendant can be heard to say that his deed incapacitates him to perform his contract with another person, and thus defeat the rights of this grantee under it. If the effect of the mortgage and a judgment for possession under it should be to revest the title in Artemas Gotham by reason of a breach of the condition in his deed to the defendant, that is no concern of the defendant; it is only the legal consequence of his own act in executing the mortgage. If the plaintiff should arrange with Artemas to step into the position of the defendant with respect to the contract for support, then there would be no forfeiture, and the defendant would still have no legal ground of complaint, because this would be giving the mortgage no more than its true legal effect as between mortgagor and mortgagee. I think the brief statement is no answer to the plaintiff's case.

SMITH, J. As between the plaintiff and Artemas Gotham, the plaintiff is not entitled to possession of the demanded premises during the lifetime of the latter. The contract between the defendant and his father was a personal one, founded in personal confidence, and is not assignable so as to entitle a third party to perform the contract which the defendant entered into without the assent of Artemas Gotham. Nor can the premises be taken by the creditors of the defendant without the consent of his father. *Eastman* v. *Batchelder*, 36 N. H. 141. In that case Batchelder and wife, who held a mortgage against their son-in-law, one Tasker, with a condition for their support during life, were made parties defendant to a bill brought by a creditor of the mortgagor to foreclose the mortgage as against the legal representatives of Tasker, and offered to perform the condition of the mortgage to Batchelder and wife, which they refused to permit him to do.

But this suit is against Charles W. Gotham alone. Artemas Gotham is not a party to it, and is not here objecting to the right of the plaintiff to maintain this suit. The right of objecting is one personal to Artemas alone, and cannot avail this defendant. He is estopped by his deed to set up this defence. I can see no reason why this suit cannot be maintained as against him. The father not being a party to it, cannot be affected by the judgment which the plaintiff seeks to recover. The writ of possession would only issue against Charles W., and Artemas could not be disturbed in his possession, nor be prevented by virtue of it from receiving his support from Charles W., upon the premises, according to his contract. The judgment may be no more than an empty proceeding to the plaintiff, and practically he may not be able to obtain possession of the premises during the life of the father: on the other hand, it may be that upon the plaintiff's obtaining judgment and a writ of possession, Artemas may assent that he shall enter into the possession in place of Charles, and accept him as a substitute for his son. However this may be, I think the defendant is estopped to set up this defence, and that the brief statement must be rejected.

*Brief statement reje*•••*d.*